Harold Tessler, J.
The widow of the late Abraham Stanton who died on July 26, 1960, has made this application, pursuant *967 to section 89 of the Membership Corporations Law, for an order permitting the removal of his remains from the plot of the respondent Odessa Sisterhood, Inc., located in Mt. Judah Cemetery, for reinterment in a private family plot in Beth Moses Cemetery at Pinelawn, New York.
All of the surviving children of the petitioner and the decedent have executed duly acknowledged consents to such removal. The only opposition has been interposed by the respondent Odessa Sisterhood, Inc. It appears from the affidavit of the latter’s treasurer that the petitioner is a member of the Sisterhood, a domestic fraternal corporation and that when hex-husband died in 1960 she requested the organization to sell her a grave for the burial of her husbaxxd. The Sisterhood consented and sold her a grave for the sum of $300 and, in additioxx, received $50 on account of a monument to be erected thereon.
This application is opposed ostensibly on the ground that “ orthodox Jewish law provides that a grave once opened camxot be used for burial purposes for a period of seven years and as a practical matter no family connected with the Odessa Sistex'hood, Inc., would ever permit burial in such a grave knowing it had been used previously for the burial of a body where the remains were in-terred for a period of xxine or ten months.” The real reason, however, appears to be apprehension that petitioner or someone on her behalf might seek to recover the moneys paid for the purchase of the grave ixx the Sisterhood’s plot. Accordingly respondexxt asks that the disinterment be conditioned upon the delivery by the petitioner and her surviving children of a general release in favor of the Sisterhood.
This court does not believe that such a condition shoxxld be imposed nor that it is necessary. It is uncontradicted that the grave was sold at the request of the petitioner axxd used by her for the burial of her husband’s remains. Now that she has acquired a family plot to satisfy a longing “ that those united during life shall not be divided after death ” (Yome v. Gorman, 242 N. Y. 395, 403), it is difficult to perceive upon what basis the Sisterhood could be held liable. As for the opposition based upon religious grounds, the court can find xxo basis therefor in light of decisions by our courts in which the conflict of rabbinical views was eanxestly considered. Ixx a comprehensive opinion by Associate Judge Froessel of the Court of Appeals, handed down when he was a member of this court, the various decisions on the subject were collated and discussed. (Raisler v. Krakauer Simon Schreiber Congregation, 47 N. Y. S. 2d 938.) It is clear therefrom that disinterment fox-reburial in after-acqxxired family plots is permissible when all *968 the members of the family were agreed and the only objector was the society which owned the plot. (Matter of Schechter, 261 App. Div. 926 ; Matter of Bobrowsky, 266 App. Div. 849.)
Accordingly, the application is granted on condition, however, that petitioner files a bond in the sum of $250 to protect the respondents from any damage or liability involved in the disinterment.